# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT STRONG,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>DIANA E. JOHNSON, TRUSTEE OF THE DIANA E. JOHNSON TRUST DATED JULY 25, 2013,<br><br>　　　　　　　　　Defendant. | CASE NO. 16cv1289-LAB (JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Matt Strong brought claims under the Americans with Disabilities Act as well as supplemental state-law claims. Strong alleges he is disabled and that the business Defendant owns, a donut shop called Miss Donuts, is inaccessible to him. Defendant Diana Johnson moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim.

**Jurisdiction**

The Court is required to raise and resolve jurisdictional issues such as mootness and standing before proceeding. *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1061–62 (9th Cir. 2012). Specifically, the Court is required to confirm its original jurisdiction before proceeding to adjudicate claims brought under supplemental jurisdiction.

///

*Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Here, that means Plaintiff must first plead a federal claim.

Under the ADA, which is the only federal cause of action in this case, Plaintiff would only entitled to injunctive relief. If he doesn't need prospective injunctive relief, or if such relief becomes unavailable, the Court would lack jurisdiction to consider the ADA claims further, because of either mootness or lack of standing. *See Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (holding that injunctive relief is only available upon a showing of the likelihood of substantial and immediate irreparable injury); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946–47 (9th Cir. 2011) (en banc) (discussing jurisdictional standards for ADA claims); *Flint v. Dennison*, 488 F.3d 816, 823 (9th Cir. 2007) (discussing mootness doctrine). One of Article III's jurisdictional requirements is that it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (discussing this requirement as part of standing analysis).

The Court is required to confirm its own jurisdiction, *sua sponte* if necessary. *See Chapman*, 631 F.3d at 954. In other words, even if Defendant's motion to dismiss doesn't address a particular jurisdictional problem, the Court must raise it anyway.

**Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

/ / /

**Discussion**

Defendant's motion argues that the complaint doesn't meet the Fed. R. Civ. P. 8 pleading standard as delineated in cases such as *Twombly* and *Iqbal*.

Strong alleges that he is disabled, and that he uses a wheelchair. He drives or rides in a specially designed van. Although the complaint vaguely refers to "elements and areas of the Store," (Complaint, ¶ 13), he does not say what or where they are, or how the barriers in those places interfere with his access. He also alleges that the Store's "goods, services, facilities, privileges, advantages, and accommodations" were unavailable to him. (*Id.*, ¶ 11.) This is insufficient to state a claim with regard to those barriers. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) ("[F]or purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself . . . ."). *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011).

The only barriers identified with any particularity concern parking outside the store. The complaint points to a lack of signage at the disabled parking space, failure to designate a parking space as being van accessible; and an access aisle that Strong says is "too steep." (Complaint, ¶ 10.)

The root problem appears to be that Strong never clearly explains what he thinks Miss Donuts is. In other words, is it the Miss Donuts shop only, or does it consist of adjoining areas in a shopping center that are not part of the business, such as a parking lot? He also does not allege whether he thinks Defendant owns or leases the parking lot, or has any control over it.

The complaint appears to have originated as a form pleading that includes many formulaic alternative factual allegations. While there is nothing necessarily wrong with beginning the drafting process by using a form or model, during the drafting and editing process inapplicable alternatives are normally deleted, so that the end product meets Rule 8 standards.

/ / /

1    While pleading in the alternative is allowed, in this case Strong has pled so many alternatives that it isn't clear what he means. For example, in one place he says the Store is a "sales or retail establishment" (Compl., ¶ 9) and has a street address (*id*., ¶ 1.) At the same time, he claims it includes all surrounding properties that are part of the same complex (perhaps part of the same shopping center). (*Id*.) He refers generally to goods and services sold by Miss Donuts (presumably inside the store), but the only barriers he identifies with any specificity are in the parking lot.

    Although Defendant's motion does not say so outright, it is apparent Defendant thinks the Store means the Miss Donuts business itself, not the parking lot. For example, even though Defendant knows Plaintiff is making specific allegations about the parking lot, Defendant does not connect those allegations with any claim against her. (*See* Motion at 1:18–2:17; 3:3–12; 5:24–6:10.) Strong says he has been to Miss Donuts, so he should know the building's layout, and should be able to allege specific facts rather than a stream of alternatives. Defendant has a right to a pleading specific enough so that she knows whether she is being sued for barriers inside the store (which are referred to but never identified) or whether the only barriers are in the parking lot (which she may or may not control).

    Looking at Strong's allegations regarding the parking lot conditions, it isn't clear what he means when he alleges that the "slopes and/or cross slopes . . . are too steep. . . ." (Compl. at 3:21.) If he intended to claim that the slope is greater than the ADA allows, he should have said so by pleading facts, rather than his own conclusions.

    It is also unclear whether Strong has standing to seek relief regarding designation of a van-accessible parking space. He does not allege that there is no van-accessible space, and is not asking that one be installed; he merely alleges that the space is not properly designated or marked. He claims this makes it "difficult for [him] to determine which spaces are intended for and will accommodate vans . . . .") (Compl. at 3:18–20.) But because he has been to the store, he apparently already knows which space or spaces are van-accessible. If he knows this, an injunction ordering the Defendant to tell him what he already knows would afford him no meaningful relief. It could of course help other disabled people,

but binding precedent makes clear Strong has no standing to seek relief on their behalf. *See Chapman*, 631 F.3d at 949 ("Article III, however, requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties.").

Defendant also points out that Strong has not alleged facts plausibly suggesting that he is presently being deterred from returning to Miss Donuts. In fact, all the complaint says is that Strong was visited the store once. He does not, for example, allege he would like to patronize Miss Donuts in the future, or that he would be likely to do so if the barriers were removed. *See Chapman*, 631 F.3d at 950 (discussing alternative ways of establishing standing). His conclusion that he is being deterred from returning is not based on factual allegations. *See Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (concluding that plaintiff was deterred from visiting defendant's stores based on his allegations that he preferred to shop there and would do so if it were accessible).

Defendant has raised arguments concerning Strong's failure to comply with Cal. Civ. Proc. Code §§ 425.50, *et seq.* and Cal. Civil Code §§ 52 and 54.3. But under the *Erie* Doctrine, the Court applies federal, not state, procedural requirements. *See Anglin v. Bakersfield Prosthetics & Orthotics Center, Inc.*, 2013 WL 6858444 at *5 (E.D. Cal., Dec. 30, 2013) ("[T]he requirements of CCP section 425.50 do not govern Plaintiff's complaint in federal court . . . .") In addition, state procedural law regarding the jurisdiction of various state courts over claims comes into play only when the case is pending in state court. In this case, state law does not oust the Court of congressionally-authorized supplemental jurisdiction.

Defendant also argues that Strong's state-law claims substantially predominate over his federal claims, and asks that the Court decline jurisdiction over them. While courts have granted similar motions, *see, e.g., Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241 (S.D. Cal., Feb. 27, 2015), the Court finds this issue would be clearer after it is determined whether Strong can plead a federal claim and, if so, what that claim looks like. Accordingly, the Court will deny this request without prejudice.

**Conclusion and Order**

The complaint fails to identify any barriers specifically, except for three in the parking lot. It fails to allege that Defendant owns or leases the parking lot, or that she is in some other way responsible for violations there. It fails to allege facts, as opposed to conclusions, about the slope, and it fails to establish standing to seek relief regarding van-accessible markings. The complaint also fails to allege facts showing that Strong either intends to return to Miss Donuts, or that the barriers he knows of are deterring him from returning. *See Chapman*, 631 F.3d at 944. For these, and for the other reasons discussed above, Defendant's motion to dismiss is **GRANTED IN PART**. The complaint is **DISMISSED WITHOUT PREJUDICE,** for failure to state a federal claim. And in the absence of a viable federal claim, the Court cannot exercise jurisdiction over any supplemental state claims. *See Herman,* 254 F.3d at 805.

By **January 31, 2017**, Strong may file an amended complaint that corrects the defects this order has identified. If there is any doubt about whether Defendant owns or leases the parking lot or is in some other way responsible for its condition, Strong's counsel is directed to research this issue before amending.

Assuming Strong amends as permitted, the Court may *sua sponte* revisit the issue of its discretion not to exercise jurisdiction over supplemental state claims. Defendant may also seek reconsideration with regard to this issue by filing an *ex parte* motion, and if she does so, Strong should file his opposition within five court days.

**IT IS SO ORDERED**.

DATED: January 17, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge